IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AL M. WILLIAMS, | § § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00104-SDJ-CAN |
| v. | § § | |
| TEXAS DEPARTMENT OF MOTOR VEHICLES, ET AL., | § § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636 [Dkt. 3]. On February 14, 2022, *pro se* Plaintiff Al M. Williams ("Plaintiff") filed the instant suit [Dkt. 1]. On the same date, Plaintiff filed an Application to Proceed *In Forma Pauperis* [Dkt. 2]. Upon review of the Application and the complaint, on February 18, 2022, the Court ordered Plaintiff to file a complete Application for *in forma pauperis* status and to file an amended complaint that clearly states the basis for the Court's jurisdiction, the specific claims alleged against each Defendant, and the specific relief sought [Dkt. 4]. The Court expressly warned Plaintiff that his failure to comply with the directives contained in the Order may "result in a recommendation of dismissal under Federal Rule of Civil Procedure 41(b)" [Dkt. 4 at 5]. Plaintiff did not file a complete Application for *in forma pauperis* status or pay the filing fee, nor did he file an amended complaint. On May 17, 2022, the Court entered a deficiency order due to Plaintiff's noncompliance with the Court's orders, specifically warning Plaintiff: "<u>Failure to comply with this Order may result in a recommendation of dismissal under Federal Rule of Civil Procedure 41(b).</u>" [Dkt. 5 at 2]. Plaintiff acknowledged receipt of this Order on June 13, 2022 [Dkt. 7], but again took no action.

On June 2, 2022, Plaintiff filed a Notice of Settlement stating, "this case has been settled" [Dkt. 6]. The Court entered its first order directing Plaintiff to file the necessary closing documents for this matter, with a deadline of Thursday, July 14, 2022, at 5:00 p.m. [Dkt. 8 at 1]. No closing documents were filed. The Court entered a second order for closing documents, setting a deadline of October 11, 2022, and warning Plaintiff that "[f]ailure to comply with this Order may result in a recommendation for the dismissal of this lawsuit under Rule 41 for failure to prosecute and/or failure to comply with the Court's Orders" [Dkt. 9 at 1]. To date, Plaintiff has taken none of the actions directed by the Court.

Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). "The Supreme Court has recognized the 'inherent power' of district courts to dismiss *sua sponte* in order to 'manage [their] own affairs so as to achieve an orderly and expeditious disposition of cases.'" *In re Valentine*, 733 F. App'x 184, 186-87 (5th Cir. 2018) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962)); *see Potter v. Internal Revenue Serv.*, No. 6:18cv274, 2019 WL 2246159, at *1 (E.D. Tex. Apr. 1, 2019) (citations omitted) ("A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court . . . . Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action."), *report and recommendation adopted*, No. 6:18cv274, 2019 WL 2225992 (E.D. Tex. May 23, 2019).

The Court has now ordered Plaintiff to file closing documents twice, and Plaintiff has not complied with these orders. Nor has Plaintiff complied with any of the Court's other orders in this cause. Through such inaction, Plaintiff has neglected to diligently prosecute the instant cause, and in any event, it appears Plaintiff has resolved his dispute. *See Singleton v. Ocwen Loan Servicing,*

*LLC*, No. 5:18-CV-00474-OLG, 2020 WL 13430489, at *2 (W.D. Tex. Dec. 14, 2020) (dismissing under Rule 41(b) where "the Court ordered that the parties submit a joint stipulation of dismissal" but none was ever filed nor was there any request for an extension to comply with the court's order); *see also Sagers v. Tatum*, No. 421CV00638SDJCAN, 2021 WL 5629535, at *1 (E.D. Tex. Oct. 6, 2021) (collecting cases) ("The Court has ordered Plaintiff to file an amended complaint. Plaintiff has taken no action in response, despite the Court's explicit warning that failure to comply may result in a recommendation for dismissal under Rule 41(b)."), *report and recommendation adopted*, No. 4:21-CV-638-SDJ, 2021 WL 5578863 (E.D. Tex. Nov. 29, 2021); *Mosely v. TDCJ Michael Unit*, No. 6:17CV230, 2017 WL 9531955, at *1 (E.D. Tex. Nov. 28, 2017) ("Here, Plaintiff's failure to prosecute his case stems from his failure to comply with the June 21, 2017, deficiency order directing him to either pay the $400 filing fee or submit an application to proceed *in forma pauperis*"), *report and recommendation adopted*, No. 6:17CV230, 2018 WL 2862599 (E.D. Tex. June 8, 2018). The Court therefore recommends this case be dismissed without prejudice pursuant to Rule 41(b).

## CONCLUSION AND RECOMMENDATION

Accordingly, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 19th day of October, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE